**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD JOSHUA SMITH, | No. 23-15351 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00101-TLN-JDP |
| v. | |
| DHARMYIR SINGH, Doctor; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 27, 2024[**]
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Donald Joshua Smith appeals pro se from the district court's grant of

summary judgment to Defendant Dr. Dharmyir Singh.[1]  Smith alleges that Dr.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1] Smith's motions for default judgment are DENIED.  Dkt. Nos. 18, 20.  To the extent Smith intends to invoke forfeiture, Dr. Singh had already timely filed an answering brief when Smith filed his motions.

Singh was deliberately indifferent to his serious medical needs while incarcerated in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for Dr. Singh because Smith presented no evidence that the treatment Dr. Singh provided "was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [his] health." *Id.* at 1058 (quotation marks omitted). Dr. Singh saw Smith twice over two months for pain in his arm and back. Dr. Singh conducted physical examinations and reviewed an x-ray that showed no abnormalities. Dr. Singh ordered physical therapy, prescribed Tylenol, and changed Smith's work classification to limited duty with weight restrictions. Dr. Singh diagnosed Smith with epicondylitis, or "tennis elbow," which is supported by the physical therapy assessments.

Smith argues that Dr. Singh should have ordered imaging and/or surgery and released him from work duties, but "[a] difference of opinion between a physician and the prisoner . . . concerning what medical care is appropriate does not amount to deliberate indifference." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (quotation marks omitted).

Because we can affirm the grant of summary judgment solely on the ground

2

that Smith presented no evidence that Dr. Singh was deliberately indifferent to Smith's serious medical needs, we need not consider the issue of qualified immunity.

**AFFIRMED.**